christina-leas: (family): dunn
2355 sequoyah drive
rogers, arkansas [near 72758]
479-871-9025

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**JUL 14 2011**

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| christina-leas: (family): dunn,  )<br>         Plaintiff.                        )<br>-v-                                          )<br>                                               )<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC                                        )<br>         Defendant.                    ) | Case No. __11-5166__ |

# COMPLAINT

**NOW INTO COURT COMES,** by Special Appearance, without waiving any rights, remedies or defenses statutory or procedural, christina-leas: (family): dunn a natural woman and Executrix of the decedent CHRISTINA DUNN's estate, and hereby sues Defendant PORTFOLIO RECOVERY ASSOCIATES LLC.

## PRELIMINARY STATEMENT

1.  This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, and 15 U.S.C. §1692k.

3.  Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4.  Plaintiff, christina-leas: (family) dunn, is a resident of the state of Arkansas, residing at 2355 Sequoyah Drive, Rogers, Arkansas.

5. Defendant, PORTFOLIO RECOVERY ASSOCIATES LLC is organized under the laws of the State of Virginia, not registered with the Arkansas Secretary of State, whose agent for service is Judith Scott, 120 Corporate Blvd., Norfolk, VA 23502.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

7. Paragraphs 1 through 6 are realleged as though fully set forth herein;

8. Plaintiff has never contracted with Defendant;

9. Plaintiff has never entered into any business relationship with Defendant;

10. In the month of July, 2010, Defendant pulled Plaintiff's credit report from Credit Reporting Agency TransUnion;

11. In the month of September, 2010, Defendant pulled Plaintiff's credit report from Credit Reporting Agency TransUnion;

12. On or about April 5, 2011 Defendant used the U.S. mail to send Plaintiff a collection letter. This letter stated "**This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose**" and demanded payment of $2,710.00 (Exhibit "A");

14. On or about April 25, 2011, Plaintiff sent via U.S. Certified Mail Receipt 7011 0470 0000 8817 2651 a notice of dispute of the alleged debt. On April 29, 2011, Certified Mail 7011 0470 0000 8817 2651 was signed for by Ryan Kell (Exhibits "B" and "C");

15. Defendant did not respond to this validation demand;

16. Plaintiff christina-leas: (family) dunn contends that the illegal actions of the Defendant have harmed her, resulting in mental anguish and humiliation, and time and expense to rectify this situation.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

17. Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

19. PORTFOLIO RECOVERY ASSOCIATES, LLC are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

20. PORTFOLIO RECOVERY ASSOCIATES, LLC violated the FDCPA. Defendants' violations include, but are not limited to, the following:

  (a) PORTFOLIO RECOVERY ASSOCIATES, LLC violated 15 U.S.C. §1692e(2) against Plaintiff christina-leas: (family) dunn by falsely representing the character, amount, or legal status of any debt.

  (b) PORTFOLIO RECOVERY ASSOCIATES, LLC violated 15 U.S.C. §1692e(5) against Plaintiff christina-leas: (family) dunn by threatening to take any action that could not legally be taken or that was not intended to be taken.

  (c) PORTFOLIO RECOVERY ASSOCIATES, LLC violated 15 U.S.C. §1692e(8) against Plaintiff christina-leas: (family) dunn by threatening or communicating false credit information.

   (d) PORTFOLIO RECOVERY ASSOCIATES, LLC violated 15 U.S.C. §1692e(10) against Plaintiff christina-leas: (family) dunn by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   (e) PORTFOLIO RECOVERY ASSOCIATES, LLC violated 15 U.S.C. §1692f(1) against Plaintiff christina-leas: (family) dunn by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

### COUNT III

### VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

  21. Paragraphs 1 through 20 are realleged as though fully set forth herein.

  22. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681.

  23. PORTFOLIO RECOVERY ASSOCIATES, LLC are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

  24. PORTFOLIO RECOVERY ASSOCIATES, LLC is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

  25. PORTFOLIO RECOVERY ASSOCIATES, LLC violated the FCRA. Defendants' violations include, but are not limited to, the following:

   a. PORTFOLIO RECOVERY ASSOCIATES, LLC willfully violated 15 U.S.C. §1681b(f) 2 times by obtaining Plaintiff christina-leas: (family) dunn's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

## COUNT IV

## VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT

## PORTFOLIO RECOVERY ASSOCIATES, LLC

26. Paragraphs 1 through 25 are realleged as though fully set forth herein.

27. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681.

28. PORTFOLIO RECOVERY ASSOCIATES, LLC are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

29. PORTFOLIO RECOVERY ASSOCIATES, LLC is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

30. PORTFOLIO RECOVERY ASSOCIATES, LLC violated the FCRA. Defendants' violations include, but are not limited to, the following:

> a. PORTFOLIO RECOVERY ASSOCIATES, LLC negligently violated 15 U.S.C. §1681b(f) 2 times by obtaining Plaintiff christina-leas: (family) dunn's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against PORTFOLIO RECOVERY ASSOCIATES, LLC for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff demands judgment for damages against PORTFOLIO RECOVERY ASSOCIATES, LLC for statutory damages of USD $2,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. § U.S.C. §1681n.

WHEREFORE, Plaintiff demands judgment for damages against PORTFOLIO RECOVERY ASSOCIATES, LLC for statutory damages of USD $2,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. § U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 14, 2011

Respectfully Submitted,

CHRISTINA LEAS DUNN signature LAW UCC § 3-402(b)(1)

By: /s/ _Christina-leas (family) dunn_, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

## MEMORANDUM OF LAW

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > § 1681a (r)(4)

*The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.*

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

*(2) the term "account"* means a **demand deposit, savings deposit, or other asset account** (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; …(emphasis added).

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > 1681b.

Permissible purposes of consumer reports.

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account* of, the consumer; or …

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, christina-leas: (family) dunn, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in this Complaint.

4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

5. Each and every exhibit I have provided to the Court and attached to this Complaint is a true and correct copy of the original.

6. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Per 28 U.S.C. §1746(2), I, christina-leas: (family) dunn, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

By: /s/ _Christina-leas (family) dunn_, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

Date _July 14, 2011_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 14th day of July, 2011 by U.S. Mail Certified Mail 70110470000088172934 delivery with appropriate postage to: Judith Scott, Registered Agent, 120 Corporate Blvd., Norfolk, VA 23502.

By: /s/ *Christina-leas (family) dunn*, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

Date: July 14, 2011