IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**christina-leas: (family): dunn**                                                                                     **PLAINTIFF**

**VS.**                                             **NO. 11-5166**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                                     **DEFENDANT**

### MOTION FOR A MORE DEFINITE STATEMENT

COMES NOW, the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, by and through its attorneys, Keith M. McPherson and the Laser Law Firm, P.A., and for its Motion for a More Definite Statement, pursuant Rule 12(e) of the Federal Rules of Civil Procedure and, states:

1. That Defendant has received Plaintiff's Complaint, which was filed on July 14, 2011, containing liability allegations against the Defendant for violation of the Fair Debt Collection Practices Act (Count I) and violation of the Fair Credit Reporting Act (Counts III & IV).

2. That Plaintiff's Complaint is vague and ambiguous in several relevant respects making it impossible for the Defendant to reasonably prepare a response.

3. That, specifically, Plaintiff's Complaint is vague and ambiguous in the manner in which it is captioned, and pled, as to who the actual plaintiff is bringing the suit. The captioned Plaintiff is identified as "*christina-leas:(family): dunn*," and ¶ 4 of Plaintiff's Complaint indicates the Plaintiff, as named, is a resident of the State of Arkansas. Relying upon the captioned name of the Plaintiff, as specifically spelled in

1

the caption of the case it is not possible for the Defendant to confirm Plaintiff's true identity or residency.

4. That the opening paragraph of Plaintiff's Complaint indicates the Plaintiff has brought this suit "*by Special Appearance*" and again specifically names the Plaintiff "*christina-leas: (family): dunn*", and further represents to the Court that the named Plaintiff is "*a natural woman and **Executrix of the decedent CHRISTINA DUNN's estate**, and hereby sues Defendant PORTFOLIO RECOVERY ASSOCIATES LLC*." (Emphasis added.) This language represents to the Court, and Defendant, that the Plaintiff is bringing this lawsuit, at least in part, as the Executrix of the Estate of Christina Dunn, deceased.  However, Plaintiff's Complaint is entirely silent and fails to provide any further information or clarification regarding Plaintiff's role as the Executrix, or the familial relationship between the deceased, Christina Dunn, and the captioned Plaintiff, christina-leas; (family); dunn, which would provide the Defendant with adequate notice as to the real party bringing this suit.

5. That, further, Plaintiff's Complaint alleges the Defendant pulled "Plaintiff's" credit report from Credit Reporting Agency TransUnion (¶ 's 10, 11, 25, & 30) without a "permissible purpose" as defined by the Fair Credit Reporting Act, but fails allege any facts as to whether it was the credit report of the deceased Christina Dunn or the captioned christina-leas: (family): dunn, or whether either Plaintiff did or did not authorize such action by the Defendant.  Plaintiff's Complaint also fails to allege "why" Defendant's action of pulling "her" credit report was "without a permissible purpose as defined by 15 U.S.C. § 1681(b)."

6. That the threadbare allegation the Defendant has violated a Federal statute does not by itself give rise to a cause of action, and fails to provide the Defendant with adequate notice as to "how" the Defendant allegedly violated the Fair Credit Reporting Act, to permit the Defendant a fair opportunity to prepare a reasonable response.

7. That Plaintiff's Complaint is unreasonably vague and ambiguous as to the actual identity of the true Plaintiff, any legal role the Plaintiff is serving in by bringing this suit, and as to the allegations as to how Defendant's actions of pulling "Plaintiff's" credit report violated any Federal statute, all of which make it impossible for the Defendant to reasonably prepare appropriate responses to Plaintiff's allegations.

8. That based on the vague and ambiguous nature of Plaintiff's Complaint, Defendant generally denies any and all allegations of fault, liability, or damages therein.

WHEREFORE, premises considered, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, moves the Court pursuant to Rule 12(e) to enter an Order requiring the Plaintiff to amend her Complaint to provide more definitive statements as to all issues raised in this Motion, and for all other just and proper relief to which the Defendant is entitled.

Respectfully submitted,

Laser Law Firm, P.A.
101 S. Spring Street, Suite 300
Little Rock, AR 72201-2488
(501) 376-2981

By: /s/ Keith McPherson

Keith McPherson (Bar #91194)
Kmcpherson@laserlaw.com

## **CERTIFICATE OF SERVICE**

      I, Keith McPherson, hereby certify that on the 16th day of August, 2011, I mailed the document by United States Postal Service to the following non CM/ECF participants:

Ms. Christina-Leas (family) Dunn
2355 Sequoyah Dr.
Rogers, AR 72758

                                      /s/ Keith McPherson

                                      Keith McPherson (Bar #91194)
                                      Attorney for Defendant
                                      Laser Law Firm, P.A.
                                      101 S. Spring Street, Suite 300
                                      Little Rock, AR 72201
                                      (501) 376-2981
                                      Kmcpherson@laserlaw.com